UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROYAL LOVE-CAMP,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN WILLIAMS, SR., et al,<br><br>    Defendants. | Case No.: 2:23-cv-00964-ART-BNW<br><br>**ORDER**<br><br>(ECF Nos. 13, 14) |

Plaintiff Royal Love-Camp brings this pro se civil-rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at High Desert State Prison. (ECF No. 1-1). Plaintiff has since been transferred to Ely State Prison. On August 28, 2023, this Court ordered Plaintiff to file his updated address and either pay the $402 filing fee or file an application to proceed *in forma pauperis* ("IFP") on or before October 23, 2023. (ECF No. 10). Plaintiff timely updated his address with the Court (ECF No. 12), but has not either paid the filing fee or applied for IFP status.

Plaintiff argues in his change of address notice that prison staff removed his property, including his legal documents, shortly after he received the Court's August 28, 2023, order. (*Id.*) He thus asks the Court to appoint him an attorney to handle future motions and order the Nevada Department of Corrections ("NDOC") to return his property and prevent future harassment and retaliation. (ECF Nos. 12, 13, 14). The Court construes Plaintiff's notice as seeking to extend the deadline for him to either pay the full $402 filing fee or apply for IFP status, and the Court grants Plaintiff that narrow relief. But the Court denies without prejudice Plaintiff's other requests because they seek extraordinary relief without proper support.

A motion for relief must be in writing and include a memorandum of points and authorities in support of the motion. Nev. Loc. R. 7-2(a). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to denial of the motion." *Id.* at 7-2(d). Plaintiff's requests for the appointment of counsel and to order the NDOC to act are little more

than a couple of sentences, and neither includes analysis showing that the relief sought is merited under the applicable authorities.[1]

It is therefore ordered that **on or before December 20, 2023**, Plaintiff will either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3; (2) a completed financial certificate that is signed both by the inmate and the prison or jail official; and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that Plaintiff's motions for the appointment of counsel and directing the NDOC to act (ECF Nos. 13, 14) are denied without prejudice.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Royal Love-Camp the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

DATED THIS 20th day of November 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Generally, litigants do not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). And the Court appoints counsel in civil-rights actions only when "exceptional circumstances" exist, which requires the Court to consider the plaintiff's likelihood of success on the merits and his ability "to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (cleaned up). Moreover, restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain either remedy, the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." *Id.* at 20. The standard for obtaining an order requiring a party to do more than simply maintain the status quo during litigation—called a mandatory injunction—is "doubly demanding[;]" the plaintiff must show that the law and facts "*clearly favor*" his position. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). But in any event, "there must be a sufficient relationship between the injury claimed in the motion for injunction relief and the conduct in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).